UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**      Plaintiff,    v.  **Fernando Rafael RODRIGUEZ-Lopez,**      Defendant. | Magistrate Case No. 08 MJ 1892  COMPLAINT FOR VIOLATION OF  Title 8, U.S.C., Section 1326  Attempted Entry After Deportation |

The undersigned complainant being duly sworn states:

On or about **June 18, 2008**, within the Southern District of California, defendant **Fernando Rafael RODRIGUEZ-Lopez,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS 19th DAY OF **June, 2008**.

_____
UNITED STATES MAGISTRATE JUDGE



## PROBABLE CAUSE STATEMENT

On June 18, 2008 at approximately 6:27 PM, a male individual later identified as **Fernando Rafael RODRIGUEZ-Lopez (Defendant)**, attempted to enter the United States from Mexico via the pedestrian primary lanes at the San Ysidro Port of Entry. Defendant claimed to be a United States citizen and stated to a Customs and Border Protection (CBP) Officer that he was going to San Diego, California. Defendant was unable to provide identification and the CBP Officer subsequently elected to refer him to secondary for further inspection.

In secondary, Defendant's fingerprints were obtained and queried through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). IDENT/IAFIS returned a match to the query, identifying Defendant as a citizen of Mexico and a previously deported/removed alien.

Queries through the Immigration Central Index System (CIS) and the Deportable Alien Control System (DACS) confirmed Defendant to be a citizen of Mexico without legal documents to enter the United States. CIS and DACS system reveal Defendant was ordered deported/removed from the United States to Mexico by an Immigration Judge on or about August 17, 2005 and physically removed from the United States through the San Ysidro Port of Entry on the same date. Immigration service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped proceeding, Defendant was advised of his Miranda Rights. Defendant acknowledged his rights and elected to answer questions without an attorney present. Defendant admitted he was born in Tijuana, Baja California, Mexico. Defendant admitted he falsely claimed to be a United States citizen in order to enter into the United States. Defendant further stated he was going to San Diego, California to reunite with his family. Defendant admitted he has been previously ordered deported from the United States by an Immigration Judge and has not applied for nor received permission to legally re-enter the United States.